UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Theodore C. Annis,   Case No. 07-40557
                           Chapter 7
       Debtor.             Hon. Marci B. McIvor
_____/

Wynn Resorts Holdings, LLC,

       Plaintiff,

v.                         Adv. P. No. 07-4405

Theodore C. Annis,

       Defendant.
_____/

## OPINION REGARDING DAMAGES

On August 28, 2008, this Court entered an Order Granting Plaintiff's Motion for Summary Judgment. The Court's Opinion, read from the bench on August 26, 2008, specifically found that Defendant's conduct, which a federal district court in Nevada had previously found to violate the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 (d)(1)(A), was willful and malicious, giving rise to a non-dischargeable debt under 11 U.S.C. § 523(a)(6). The only issue left unresolved by this Court's Opinion was whether the amount of damages awarded to Plaintiff by the Nevada Federal District Court, $733,416.68, was binding on this Court. Having reviewed the supplemental briefs filed by the parties, and the relevant case law, the Court finds that the doctrine of collateral estoppel applies. The Court will enter a non-dischargeable judgment against Defendant in the amount of $733,416.68.

The doctrine of collateral estoppel, also known as claim preclusion, prevents an

issue from being re-litigated where the issue was actually litigated and necessarily decided (i.e. the issue was essential to the final judgment in the prior proceeding). *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Federal courts are required to apply the doctrine of collateral estoppel in the same manner as the state courts of the state in which the earlier judgment was rendered. *Id.* Where the prior judgment was entered by a federal court, federal collateral estoppel principles apply.

> Under the federal standard of issue preclusion, a party must establish four essential elements: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment. . . The principles of collateral estoppel apply in dischargeability proceedings in bankruptcy. Grogan v. Garner, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

*International Strategies Group, Ltd. v. Pomeroy (In re Pomeroy),* 353 B.R. 371, 376 (Bankr. D. Mass.2006)(citation omitted). The only element of collateral estoppel at issue in the present case is whether the amount of damages was fully litigated in the prior action.

> Collateral estoppel applies only to those issues which were "actually" or "fully" litigated in the prior action. However, this rule does not refer to the quality or quantity of argument or evidence addressed to an issue. It requires only two things: first, that the issue has been effectively raised in the prior action, either in the pleadings or through development of the evidence and argument at trial or on motion; and second, that the losing party have had 'a fair opportunity procedurally, substantively and evidentially' to contest the issue.

*Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush),* 62 F.3d 1319, 1323 (11th Cir. 1995)(citations omitted).

The prior court judgment at issue in the present case is a default judgment entered by the federal district court in Nevada. As a general rule, federal courts have

held that a default judgment entered by a federal court will not support the application of collateral estoppel in a subsequent proceeding. *Colorado Laborers' Health and Welfare Trust Fund v. Sukut (In re Sukut)*, 357 B.R. 840, 844-45 (Bankr. D. Colo. 2006)(citations omitted). However, there are exceptions to the general rule.

> [Federal courts] have recognized an exception to this general rule 'where the losing party has had a full and fair opportunity to participate in the previous litigation, but has engaged in serious obstructive conduct resulting in a default judgment.' *In re Jordana*, 2000 WL 783401, at *1; *Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210 (3d Cir.1997); *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319 (11th Cir.1995); *FDIC v. Daily (In re Daily)*, 47 F.3d 365 (9th Cir.1995) (applying federal principles of collateral estoppel). See also *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17 (4th Cir.1997); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir.1996) (applying state court principles of collateral estoppel). **Whether a debtor's participation is extensive or abusive enough to take the case out of the general rule requires the court to consider the facts and circumstances of the particular case**.

*In re Sukut,* 357 B.R. at 845 (emphasis added). The exception contemplates circumstances where a party knowingly chooses not to participate in the legal proceedings. In recognizing that there are "reasons of equity and social policy for considering fair opportunity an adequate substitute for actual participation" in legal proceedings, the court in *Overseas Motors, Inc. v. Import Motors Ltd., Inc.* 375 F.Supp. 499 (E.D. Mich. 1974), *aff'd* 519 F.2d 119 (6th Cir. 1975), stated:

> [A] party cannot be permitted to avoid the law merely by avoiding the courts. This willingness to forego the comfortable assurances of accuracy generated by a full dress trial is justified by the defaulting party's willful failure to make an adversary input into the prior proceedings. The law cannot force a party to make the best case possible or even any case at all; it only permits him to do so, prompted by his own self-interest. The only logical alternative would be to accept a prior judgment as binding only if both sides had supported their positions at some minimal level of competence, for mere appearance is hardly a guarantee of effective advocacy. Such searching and highly subjective reviews of prior performances by counsel are probably impossible and certainly

> unacceptable even if possible. 'If an issue is raised and the party who has the burden fails in his proof and the issue is decided against him, he is just as much bound by collateral estoppel as though he had presented a barrel of testimony.' *United States v. Silliman*, 167 F.2d 607, 617 (3d Cir. 1948), cert. denied, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379. The party who defaults ought therefore to be given no greater protection from preclusion than one who simply fails in his proof. In both instances he is entitled to a full and fair opportunity to litigate, and having received that, ought then to be precluded from rearguing the issues decided in his absence, whether the absence was formal or merely effective.

*Overseas Motors,* 375 F.Supp. at 516, n. 49.

Upon reviewing the entire history of the case at bar, the Court finds that the damages awarded by the federal district court in the prior proceeding were, for purposes of collateral estoppel, actually litigated. Unlike a "true" default judgment, (i.e. a judgment entered against a defendant who fails to appear and/or file an answer, and largely viewed as a mere ministerial act), the judgment entered by the court in Nevada was entered after Defendant failed to appear before the court on several substantive matters. The Court finds that Defendant's conduct in the prior action constituted a deliberate and intentional choice to ignore the court proceeding.

Briefly, in December, 2005, Plaintiff filed an action against Defendant based on Defendant's repeated attempts to sell Plaintiff domain names which included Plaintiff's own federally registered trademarks, in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A). Shortly thereafter, the court entered a preliminary injunction against Defendant, prohibiting him from using or trafficking in Plaintiff's names and/or trademarks. Notwithstanding the entry of the preliminary injunction, Defendant, between February and April, 2006, continued to contact Plaintiff in an attempt to sell the trademarked domain names. In June, 2006, the district court

4

held Defendant in contempt of the preliminary injunction, and fined the Defendant $10,000 in sanctions and $7,500 in costs and attorneys' fees. In August, 2006, the court entered a default judgment against Defendant, setting forth specific findings of fact in support of a damage award of $755,916.68 ($100,000 statutory damages per each infringing domain name pursuant to 11 U.S.C. § 1117(d), $35,000 in damages for corrective advertising, and $20,916.68 for costs and attorneys' fees).[1]

The history of this case supports a finding by this Court that Defendant, who was properly served (he has never asserted that he did not have notice of the proceedings), has had numerous opportunities to appear and defend. Notwithstanding proper notice, Defendant failed to answer the initial complaint, failed to appear at the preliminary injunction hearing, ignored the court's preliminary injunction order, failed to appear at the contempt proceeding, allowed the judgment to be entered, and failed to appeal the judgment. Defendant, in this case, was given a "full and fair opportunity to litigate", and is thus "precluded from rearguing the issues decided in his absence".

## Conclusion

For the foregoing reasons, as well as those set forth in the bench Opinion issued by the Court on August 26, 2008, Plaintiff is entitled to a non-dischargeable judgment in the amount of $773,416.68.

---

[1] This Court's prior bench opinion specifically set forth the district court's finding of fact.

5

**Signed on November 05, 2008**

                                                         **/s/ Marci B. McIvor**
                                                      **Marci B. McIvor**
                                                      **United States Bankruptcy Judge**